CEAYA L. THOMAS, on
behalf of and as Personal
Representative of the Estate
of DeMarlon Cenaka
Thomas,

          Plaintiff,

v.

BANNUM PLACE, INC.,
d/b/a Bannum Place of
Saginaw, L.L.C.,

          Defendant.

_____/

Case No. 4:17-cv-13492
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

LATRELLE ENGLISH,
DONALD ROSEBROUGH,
BRUCE EDWARDS, and
RICKY HARVEY,

          Plaintiff,

v.

BANNUM PLACE, INC.,
d/b/a Bannum Place of
Saginaw, L.L.C.,

          Defendant.

_____/

Case No. 4:18-cv-10222
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

<u>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION TO COMPEL DEFENDANT BANNUM TO FULLY AND
COMPLETELY RESPOND TO FIRST AND SECOND SETS OF
DISCOVERY REQUESTS (DE 26)**</u>

This matter is before the Court for consideration of Plaintiff Ceaya

Thomas's motion to compel Defendant Bannum to fully and completely respond to

her first and second sets of discovery requests (DE 26), Defendant's response (DE

31), Plaintiff's reply (DE 33), and the parties' joint statement of unresolved issues

(DE 35).[1]  Judge Leitman referred this motion to me for hearing and determination.

(DE 27.)

On February 5, 2019, the date set for hearing, attorneys Julie H. Hurwitz,

Huwaida Arraf, Michael John and Thomas E. Kuhn appeared in my courtroom.

Having considered the motion papers and the oral argument of counsel, and for the

reasons stated on the record, which are incorporated herein by reference as though

---

[1]The Court has consolidated "for discovery purposes only" the instant case and the
case of *Latrelle English, Donald Rosebrough, Bruce Edwards and Ricky Harvey
vs. Bannum Place, Inc., d/b/a Bannum Place of Saginaw, L.L.C., Case No. 4:18-
cv-10222*.  (See DE 22.)  Plaintiff state that discovery motions must be filed
separately (DE 26 at n.1), but agreed on the record, along with Defendant, that the
Court's ruling here will apply to both cases.  Plaintiff Latrelle English filed a
uniquely and variously titled "Motion to Compel, Concurrence"/"Motion to
Compel in Concurrence" in *English et al. v. Bannum Place Inc.*, 18-cv-10222 (DE
26 at 1, 3 therein) vis-a-vis Plaintiff's instant motion, which states that it is "a
concurrence with the Motion to Compel previously filed in Plaintiff Thomas in the
consolidated case, Case No. 4:17-cv-13492" and references a phantom supporting
brief. (*Id.* at 3 & 4 ¶ 1.)   That motion/concurrence will be addressed by separate
order.

fully re-stated herein, Plaintiff's motion to compel (DE 26), as narrowed by the January 25, 2019 joint statement of unresolved issues (DE 35) and the statements and stipulations made by counsel in open court, is **GRANTED IN PART AND DENIED IN PART** as follows:

## I.     All Objections are Waived

All of Defendant Bannum's objections to Plaintiff's first and second sets of discovery requests are **WAIVED**, including objections based on the attorney-client privilege or attorney work product doctrine, because of its failure to timely respond and object to either set of Plaintiff's discovery requests.  *See* Fed. R. Civ P. 33(b)(4); *see also Carfagno v. Jackson Nat'l Life Ins. Co.*, No. 5:99-CV-118, 2001 WL 34059032, at *1-2 (W.D. Mich. Feb. 13, 2001) ("Th[e] rule [that failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objections] applies with equal force to all objections, including those based on attorney-client privilege or attorney work product.") (internal quotation marks and citations omitted); *see also Hennigan v. General Elec. Co.*, No. 09-11912, 2011 WL 13214444, at *3 (E.D. Mich. June 1, 2011) ("Under Fed. R. Civ. P. 34(b), any objection to a request to produce, including an objection based on a claim of privilege, must be made within 30 days of service of the request to produce.") (citation omitted).  Moreover, Defendant not only failed to make timely objections on the basis of privilege or any other bases, but also

failed to provide a privilege log or to otherwise meet its burden of establishing the existence of a privilege as to any of the documents at issue. Finally, even to the extent that Defendant has attempted to lodge any untimely objections on the basis of privilege, it has failed to do so "with specificity" and to demonstrate "good cause" for its tardiness, as required by Rule 33(b)(4), and failed to "state whether any documents are being withheld on the basis of that objection[,]" as required by Rule 34(b)(2)(C).

## II.     Stipulated Protective Order

The Court anticipates that the parties will submit a stipulated protective order by **February 12, 2019**.

## III.    Plaintiff's First Set of Interrogatories

The parties state that Defendant served <u>unsigned</u> responses to Plaintiff's first set of interrogatories on January 24, 2019, five months after the answers were due. Defendant shall serve <u>signed, sworn responses</u> to Plaintiff's first set of interrogatories by **February 19, 2019**, <u>without objections, all objections having been waived pursuant to Fed. R. Civ. P 33(b)(4)</u>.

## IV.    Plaintiff's First and Second Requests for Production

As to the specific discovery requests still at issue, for the reasons stated on the record and consistent with the agreement of the parties at the hearing, which are incorporated herein by reference:

**RFP 1:**  Defendant shall search for and produce by **February 19, 2019** DeMarlon Thomas's sign-in/sign-out records for the entire period that he resided at Bannum Place of Saginaw (12/13/16 to 1/23/17).

**RFP 2:**  Defendant shall search for and produce by **February 19, 2019** all communications between Bannum agents/employees regarding the murder of DeMarlon Thomas, specifically including, but not limited to, any communication(s) previously withheld on the basis of privilege.  Defendant shall also search for and produce by **February 19, 2019** the federal Bureau of Prisons (BOP) first inspection report created after the shooting of Mr. Thomas, as well as any subsequent BOP inspection reports that address or refer to the shooting.

**RFP 3:**  Defendant shall search for and produce by **February 19, 2019** all employee schedules, including activity logs, daily activity reports, journals, sign-in sheets and other time or scheduling records, for all employees working at Bannum Place of Saginaw (hereinafter sometimes referred to as the "Saginaw facility") for the December 13, 2016 through January 30, 2017 time period.

**RFP 4:**  Defendant shall conduct a forensic computer examination by **February 28, 2019**, at its expense, of all computers which were at Bannum Place of Saginaw at the date and time of the assault and murder of DeMarlon Thomas on January 23, 2017, to extract and produce to Plaintiff a record of all data in the

computer(s), or data that may have been deleted on January 23, 2017 or shortly thereafter.

**RFP 5:** Resolved.

**RFP 6:** Defendant shall search for and produce by **February 19, 2019** the complete personnel files, including but not limited to, all complaints, grievances and/or records of disciplinary actions, for all employees who worked at the Saginaw facility during the December 13, 2016 through January 23, 2017 time period. Defendant may redact any information protected by the Health Insurance Portability and Accountability Act (HIPAA) and personally identifiable information (PII), such as social security numbers, driver's license numbers, family member information, etc. However, the employees' contact information shall not be redacted.

**RFP 7:** Defendant shall search for and produce by **February 19, 2019** the complete personnel files for: (1) Katrina Teel, Compliance Manager, and (2) Sandra Allen, VP of Operations. Defendant may redact any HIPAA-protected information and PII, such as social security numbers, driver's license numbers, family member information, etc. However, the employee's contact information shall not be redacted.

**RFP 8:** Resolved to the extent the information sought is contained in the Operations Manual and the Statement of Work, as represented by Defendant.

**RFP 9:**  Resolved.

**RFP 10:**  Resolved.

**RFPs 11 and 12:**  Defendant shall search for and produce by **February 26, 2019** the BOP audits in its possession from January 1, 2012 to present for all of its facilities, including but not limited to, Bannum Place of Saginaw.

**RFP 13:**  Defendant shall search for and produce by **February 19, 2019** any responsive documents pertaining to litigation in which Defendant was a party, limited to litigation related to assaults, batteries, trespass and/or security, or definitely state that there are no responsive documents other than what has previously been identified and produced.

**RFP 14:**   Defendant shall search for and produce by **February 26, 2019** all documents and/or records of incidents involving violence inflicted on any resident/inmate in any and all facilities owned and/or operated by Defendant from 2000 to the present.

**RFP 15:**  Resolved.

**RFP 16:**  Defendant shall search for and produce by **February 19, 2019** all records of breakdowns, malfunctions, maintenance, and repairs that in any way affected the safety and security at Bannum Place of Saginaw.

**RFP 17:**  Defendant shall permit a site inspection by Plaintiff of the Saginaw facility by **February 28, 2019**, including permitting photographs and/or

video of the facility.  However, Plaintiff's counsel and/or their experts may not

speak with any residents or take photographs or video of any residents.  Mr.

Thomas's parents may attend the site inspection but may not speak with anyone

other than Plaintiff's counsel.

**RFP 18:**  Defendant shall produce a copy of its bylaws by **February 19,**

**2019**.

**RFP 21:**  Resolved.

**RFP 23:**  This request is **denied without prejudice** as premature.  This

request can be revisited after any summary judgment motion(s) has been decided.

## V.      Attorney's Fees, Costs and Sanctions

Rule 37 "provides generally for sanctions against parties or persons

unjustifiably resisting discovery."  Fed. R. Civ. P. 37, advisory committee notes to

1970 amendments.  A district court has broad discretion with respect to the

imposition of sanctions under this rule.  *See Smith v. Botsford General Hosp.*, 419

F.3d 513, 517 (6th Cir. 1999).  If an underlying discovery motion is granted in part

and denied in part, as here, the applicable rule provides that the Court may award

the payment of reasonable expenses for the motion.  Fed. R. Civ. P. 37(a)(5)(C).

Consistent with the findings stated on the record, Plaintiff is entitled to her

reasonable expenses incurred in bringing her motion to compel, because the

motion was necessary, Defendant's failure to timely respond to discovery was not

substantially justified, and there are no other circumstances that make an award of expenses unjust. Because the motion was granted in part, with Plaintiff obtaining nearly all of the relief sought, the Court will apportion the award and reduce it by fifteen percent, after calculating the total reasonable attorney fee associated with this motion.

Plaintiff shall submit a bill of costs, or stipulated bill of costs, by **February 19, 2019** for time incurred "for the motion," including time drafting the instant motion to compel, reply, and the joint statement, and time traveling to and from and spent attending the hearing (as to the hearing, for attorney Julie Hurwitz only). Plaintiff may not recover for time inspecting documents. The Bill of Costs shall reference this Order in its caption.

Defendant shall submit its objections, if any, to Plaintiff's bill of costs by **February 26, 2019**. Any objections shall reference this Order in their caption.

The award must be paid by Defendant, not its counsel.

**IT IS SO ORDERED.**

Dated: February 6, 2019          s/*Anthony P. Patti*

                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on February 6, 2019, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti
