UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEAYA L. THOMAS, on
behalf of Herself and as
Personal Representative of the
Estate of DeMarlon Cenaka
Thomas,

       Plaintiff,

v.

BANNUM PLACE OF
SAGINAW,

       Defendant.
_____/

Case No. 4:17-cv-13492
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

## **MEMORANDUM OPINION AND ORDER VACATING THE COURT'S PRIOR DISCRETIONARY AWARD OF FEES (DE 41) AND DENYING PLAINTIFF'S REQUEST FOR COSTS AND ATTORNEY'S FEES (DE 44)**

### I.     Prologue

> It happened that a dog had got a piece of meat and was carrying it home in his mouth to eat it in peace. Now on his way home he had to cross a plank laying across a running brook. As he crossed, he looked down and saw his own shadow reflected in the water beneath. Thinking it was another dog with another piece of meat, he made up his mind to have that also. So he made a snap at the shadow in the water, but as he opened his mouth the piece of meat fell out, dropping into the water and was never seen more.

"The Dog and the Shadow," *Aesop's Fables*.[1]

---

[1] *Folk-Lore and Fable*, THE HARVARD CLASSICS 12 (registered ed., 1957).

## II. Procedural History

On December 3, 2018, Plaintiff filed a motion to compel discovery from Defendant pursuant to Fed. R. Civ. P. 37. (DE 26.) After a hearing held on February 5, 2019, the Court granted the motion in part and denied the motion in part. (DE 41.) As Defendant correctly notes in its objection to the bill of costs, the Court observed at the hearing that Plaintiff's motion had been "over-briefed" and that the Court had stopped reading the 10-page reply brief (DE 33) at page 7, when Plaintiff hit the maximum number of pages allowed under the Court Rules. (DE 47 at 3.) *See* E.D. Mich. R. 7.1(d)(3)(B). With a 28-page motion, 25-page brief and index of authorities containing 41 separate case citations, all in support of compelling more complete discovery responses, the characterization fits. (*See* DE 47 at 4, n. 2.) Towards the conclusion of its Order, the Court stated as follows:

> If an underlying discovery motion is granted in part and denied in part, as here, the applicable rule provides that the Court may award the payment of *reasonable* expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C).
>
> Consistent with the findings stated on the record, Plaintiff is entitled to her *reasonable* expenses incurred in bringing her motion to compel, because the motion was necessary, Defendant's failure to timely respond to discovery was not substantially justified, and there are no other circumstances that make an award of expenses unjust. Because the motion was granted in part, with Plaintiff obtaining nearly all of the relief sought, the Court will apportion the award and reduce it by fifteen percent, after calculating the total *reasonable* attorney fee associated with this motion.

> Plaintiff shall submit a bill of costs, or stipulated bill of costs, by **February 19, 2019** for time incurred "for the motion," including time drafting the instant motion to compel, reply, and the joint statement, and time traveling to and from and spent attending the hearing (as to the hearing, for attorney Julie Hurwitz only).

(DE 41 at 8-9 (italics added; bold type in original).)

Plaintiff dutifully submitted a bill of costs on February 19, 2019. (DE 44.) She unabashedly requested $37,972.50 in fees and $437.47 in costs, amounting to a whopping total of $38,409.97 for work performed in connection with Plaintiff's straightforward, uncomplicated motion (a substantial portion of which was a chronological history of the parties' dealings and questions and answers copied and pasted from discovery responses), supporting brief, reply brief, meet and confer conference and joint statement of resolved and unresolved issues. (DE 44-1.) Attendance at the hearing only required 0.3 hours of travel time, apparently because counsel's office is in downtown Detroit. (*Id*.) Preparation for this routine motion hearing apparently took another 7 hours of attorney time, with an additional 3.35 hours requested for preparation of the bill of costs itself (*Id*.), which was not awarded by the Court in the first instance. Requested billing rates range from $250/hour in associate time to $450/hour in partner time, the latter apparently necessary because counsel has been "a Super Lawyer for more than ten years." (DE 44 at 3.) All this for a motion that was not entirely successful and significant portions of which got resolved prior to the hearing. (*See* DE 41, *passim*.) Indeed,

motions for summary judgment, which dispose of entire cases, often cost less than what Plaintiff now requests in connection with this effort to compel responses to two sets of discovery requests.

### III. Legal Analysis

In its objection to the bill of costs, Defendant points out that Plaintiff's request for fees is grossly excessive. (DE 47 at 8.) Defendant is correct, though perhaps understated. In support, Defendant quotes from my prior opinion in *Martin v. Lincor Eatery*, No. 2:17-11634, 2018 WL 4658996 (E.D. Mich. Sept. 28, 2018), wherein I found that a $14,676.50 bill for a routine discovery motion, less than half of what is claimed here, was excessive. In *Martin*, facing a claim for reimbursement of 53.70 hours, I stated:

> In other words, they seek in excess of a standard 40-hour work week's worth of time for pursuing a discovery motion. As Plato warned, "The excessive increase of anything causes a reaction in the opposite direction."
>
> Defendants filed their objections to Plaintiffs' bill of costs on July 23, 2018, arguing that the bill of costs is "just obscene" and that it seeks compensation for time unrelated to the motion to compel, improperly includes block billing, and includes redundant and excessive time entries. (DE 55.) Defendants also argue that Plaintiffs' billing rate is too high and contend that the claimed amount should be reduced to $2,500.00 (10 hours at $250/hour or 12.5 hours at $200/hour). (DE 55.) For the reasons explained below, the Court largely agrees with both Plato and the defendants.

*Id*. at *2.

The fee request for 104.85 hours which is before the Court in the instant matter is significantly more obnoxious, representing 2 ½ work weeks of attorney time.² As *Moore's Federal Practice* succinctly notes:

> A request for attorney's fees should be made in good faith, and not as an opening gambit in negotiations. Attorneys should not abandon self-restraint or careful billing judgment in an expectation that the obligation to pay the fee will be shifted to the losing party.
>
> In considering motions for expense shifting sanctions, courts can be expected to attend carefully to, and pass independent judgment on, the reasonableness of the claimed expenses. Counsel who clearly overstate hours committed to a motion to compel, or who obviously have prosecuted the motion inefficiently, risk losing credibility in the eyes of the court, and suffering an adverse ruling on their request for expense shifting sanctions.

7 Moore's Federal Practice, § 37.23[9] (3d ed. 2017). *See also, Fair Housing Council of Greater Washington v. Landow*, 999 F.2d 92, 98 (4th Cir. 1993) ("[W]e think the FHC's argument would encourage fee requests which are nothing more than 'an opening [bid] in negotiations to reach an ultimate result.' [citation omitted] District Courts are not open to such gaming on the part of litigants.") (quoting *Lewis v. Kendrick*, 944 F.2d 949, 958 (1st Cir. 1991)).

---

² The Court recognizes that it expressed its intention from the outset to reduce fees by 15%, to account for the fact that Plaintiff was only partially successful in her motion (DE 41 at 9), but even this reduction yields over 90 hours of time, still more than two full weeks of work.

Moreover, the Court has a duty to construe, administer and employ the Federal Rules of Civil Procedure "to secure the just, speedy, *and inexpensive* determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). This rule is not to be ignored in considering the good faith, or lack thereof, in a fee request. *Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co.*, 142 F.R.D. 677, 680-681 (S.D. Iowa 1992). Furthermore, in this particular instance, the awarding of reasonable expenses was entirely discretionary, since Plaintiff did not fully prevail on her motion. *See* Fed. R. Civ. P. 37(a)(5)(C) ("If the motion is granted in part and denied in part, the court…*may*, after an opportunity to be heard, apportion the reasonable expenses for the motion.") (emphasis added). Notably, "where a fee-shifting statute provides a court discretion to award attorney's fees, such discretion includes the ability to deny a fee request altogether when, under the circumstances, the amount requested is 'outrageously excessive.'" *Clemens v. New York Central Mut. Fire Ins. Co.*, 903 F.3d 396, 398 (3rd Cir. 2018) (quoting *Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir, 1980)). As a South Carolina District Court stated in the context of a request for fees under 42 U.S.C. § 1988, (to quote the opinion in its entirety):

> This matter is now before the Court on petition by Plaintiff's attorney ("Walker") for attorney's fees pursuant to 42 U.S.C. § 1988. Defendants timely filed a memorandum opposing Walker's petition for attorney's fees.

>     The Court has conducted a thorough, careful review of the billing records, affidavits, and other papers filed in support of Walker's requested fees. After conducting such a review, the Court finds that Walker's request is "so exorbitant and unreasonable as to shock the conscience of [this] Court...." *Sun Publishing Co., Inc. v. Mecklenburg News, Inc.,* 823 F.2d 818, 820 (4th Cir.1987); *see also, Fair Housing Council of Greater Washington v. Landow,* 999 F.2d 92, 95–98 (4th Cir.1993) (holding that "a district court may, in its discretion, deny a request for attorneys' fees in its entirety when the request, submitted pursuant to 42 U.S.C. § 1988, is so outrageously excessive it 'shock[s] the conscience of the court.' "). [footnote omitted] Accordingly, the Court will not undertake the *Barber v. Kimbrell, Inc.,* 577 F.2d 216 (4th Cir.1978), analysis normally undertaken by the Court in making its reasonableness determination in fee petitions under § 1988, and will deny Walker's fee request in its entirety. *Id.*

*Plunkett v. Stephens*, No. 3:93-0304-19, 1997 WL 907958, (D. S.C. Dec. 18, 1997).

Similarly here, reasonable expenses under Rule 37 have not been proposed, which is the premise for the Court undertaking any apportionment. Plaintiff's request was not made in good faith and demonstrates a lack of "self-restraint" and a lack of "careful billing." Indeed, the Court finds here that the amount requested is "outrageously excessive" and "shocks the conscience of the Court." An award of attorney's fees is not a license to engage in a boondoggle. Nor is the Court interested in ordering an opponent to subsidize the training of less experienced attorneys, to the extent they were utilized and perhaps less efficient.[3]

---

[3] Although there is no record on this point, the Court would also be extremely surprised to learn that this case is being pursued by the Personal Representative of the Plaintiff Estate on an hourly basis; instead, it is highly likely that Plaintiff's

There is good reason for refusing to award any fees where an unreasonable request has been made. In finding that "the District Court responded appropriately" when it refused to award any fee in the face of a patently unreasonable fee request, the court in *Brown* explained the good policy reasons for such a refusal:

> If…the Court were required to award a reasonable fee when an outrageously unreasonable one has been asked for, claimants would be encouraged to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked for in the first place.

612 F.2d at 1059. As Judge Posner further expounded, "A number of cases…authorize the denial of an otherwise warranted request for an award of fees because the request is for an exorbitant amount." *Budget Rent-A-Car Sys., Inc. v. Consol. Equity LLC*, 428 F.3d 717, 718 (7th Cir. 2005) (citing multiple cases from various circuits). In *Budget*, he found that "for so modest a product, 13.7 hours of high-paying professionals' time are too many." *Id*. at 717. And that was for a

---

attorneys are billing this case on a contingent fee basis. In a contingent fee case, time records are kept for the primary purpose of *passing the bill to the opposing party* in the event of an award of attorney fees, since the line item charges are irrelevant to a client who is paying a percentage of the recovery. It is hard to imagine an invoice of this size being passed on to the actual client with an expectation of payment, or that a personal injury client would actually pay it. Accordingly, the Court also wonders why Defendant should be expected to pay it. "[T]he lawyer must not abandon self-restraint or careful billing judgment because of the expectation that the obligation to pay the fee will be statutorily shifted to the losing party." *Hall v. Borough of Roselle,* 747 F.2d 838, 841 (3rd Cir. 1984).

jurisdictional memo in the Court of Appeals. More so here, where the Court is presented with a request for 104.85 hours in a discovery motion, largely involving Rule 26(b)(1) considerations as to discoverability, privilege and boilerplate objections. In fact, the Court found that all of the Defendant's objections at issue had been *waived*. (DE 41 at 4.)

Additionally, "Judges use their experience with the case and counsel, *as well as their experience with the practice of law*, to assess the reasonableness of the hours spent and rates charged in connection with a request for expense shifting sanctions." Moore's, *supra.*, § 37.23[8] (emphasis added). The Court has taken this into account as well. Nothing from the Court's experience of this case or counsel justifies such an exorbitant fee request. Moreover, the Undersigned practiced law for 24 years as a civil trial attorney (including complex commercial, intellectual property and personal injury disputes, among others), handling many discovery motions and numerous wrongful death cases as plaintiffs' counsel, including two, like this one, involving brutal murders. *See, e.g., Piasecki v. Mich. Educ. Ass'n*, No. 208757, 1999 Mich. App. LEXIS 2474 (Mich. Ct. App. Oct. 15, 1999). Taking all of this into consideration, the fee request here is totally out of line with the nature of this case or the needs being addressed by the underlying motion to compel, notwithstanding how serious the injuries are.

## IV. Conclusion

When the Court initially awarded a reasonable attorney fee and requested a bill of costs, it was not inviting a negotiation, whereby the highest possible price would be demanded in the hope of receiving something less but still overly generous. *See Baylor v. Mitchell Rubenstein & Assocs., P.C.*, 857 F.3d 939, 954 (D.C. Cir. 2017) ("[A] request for attorney's fees is not a negotiation."). To discourage requests for outrageously excessive fees, several circuits have taken the approach of denying inflated fee requests outright. "In particular, the court has discretion to *deny an award altogether* or 'impose a lesser sanction, such as awarding a fee below what a "reasonable" fee would have been.'" *Id*. at 954 (emphasis added) (quoting *Envtl. Defense Fund, Inc v. Reilley*, 1 F.3d 1254, 1258 (D.C. Cir. 1993)). I find no contrary authority in the Sixth Circuit, nor would I expect to, as the need to deter such requests here is no less real than elsewhere. Accordingly, for all the reasons stated above, the Court **VACATES** its prior, discretionary award of fees in connection with the motion to compel under Rule 37 (DE 41), **DENIES** Plaintiff's request for costs and attorney's fees in the amount of $38,409.97 (DE 44) (even with a 15% reduction, which is still in excess of $32,000), and declines to exercise the extensive time, rate and fee trimming which would be necessary in order to calculate a "reasonable fee" here.

**IT IS SO ORDERED.**

Dated:  September 23, 2019

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE