UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEAYA L. THOMAS, *et al.*,

    Plaintiffs,

v.

BANNUM PLACE OF SAGINAW, *et al.*,

    Defendants.

Case No. 17-cv-13492
Hon. Matthew F. Leitman

(Consolidated with Case No. 18-cv-10222)

_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 79) TO MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S REQUEST FOR COSTS AND ATTORNEYS FEES (ECF NO. 78)

On December 3, 2018, Plaintiff filed a motion to compel discovery from Defendant. (*See* Mot., ECF No. 26.) The assigned Magistrate Judge held a hearing on the motion, and he thereafter granted the motion in part and denied the motion in part. (*See* Order, ECF No. 41.) The Magistrate Judge further exercised his discretion and ordered that Plaintiff be awarded her "reasonable expenses incurred in bringing her motion to compel." (*Id.*, PageID.626.) He then instructed Plaintiff to submit a "bill of costs" for the time incurred preparing the motion. (*Id.*, PageID.627.)

Plaintiff submitted the bill of costs on February 19, 2019. (*See* ECF No. 44.) The bill of costs seeks over $38,000 in fees and costs for over 100 hours spent on what the Magistrate described as a "straightforward, uncomplicated [discovery] motion" that was "not entirely successful." (ECF No. 78, PageID.1662.) The

1

Magistrate Judge concluded that the bill of costs was "grossly excessive[, ….] not made in good faith[,] and demonstrate[d] a lack of 'self restraint' and a lack of 'careful billing.'" (*Id.*, PageID. 1663, 1665). He therefore vacated his prior discretionary award of fees and denied Plaintiff's request for fees and costs in its entirety. (*See id*., PageID.1669.)

Plaintiff filed an objection to the Magistrate Judge's decision on December 7, 2019. (*See* Objection, ECF No. 79.) Plaintiff argues that she is entitled to full amount requested in the bill of costs, and she insists that "the Magistrate Judge's decision to vacate the [fee] award and deny Plaintiff's request for fees and costs altogether was clearly erroneous and an abuse of discretion." (*Id.*, PageID.1680.) The Court disagrees.

For all of the reasons cogently explained in the Magistrate Judge's order denying Plaintiff's fee request, Plaintiff's $38,000 request in the bill of costs was plainly excessive. And the Magistrate Judge was well within his discretion to determine that the requested fee amount was so unreasonable that Plaintiff was no longer entitled to any fee award at all. *See*, *e.g.*, *Budget Rent-A-Car Sys., Inc. v. Consol. Equity, LLC*, 428 F.3d 717, 718 (7th Cir. 2005) (vacating previous order awarding fees and costs in light of unreasonable fee request and noting that "[a] number of cases … authorize the denial of an otherwise warranted request for an award of fees because the request is for an exorbitant amount"). Indeed, "[w]hen an

award of fees is permissive, denial is an appropriate sanction for requesting an award that is not merely excessive, but so exorbitant as to constitute an abuse of the process of the court asked to make the award." *Id.* Such is the case here. Finally, it is not the responsibility of the Court to "exercise the extensive time, rate, and fee trimming which would be necessary in order to calculate a 'reasonable fee' here." (Order, ECF No. 78, PageID.1669.)

Accordingly, for all of the reasons stated above, Plaintiff's objection to the Magistrate Judge's order denying her motion for fees and costs (ECF No. 79) is **OVERRULED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: December 9, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 9, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

3